# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES STEWART, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV407-198 |
| | ) | |
| RANDY TILLMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a Georgia state prisoner currently incarcerated at Ware State Prison in Waycross, Georgia, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The respondent has moved the Court to deny the petition as being untimely filed. (Doc. 6.) For the reasons explained below, the petition should be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 26, 2000, petitioner was indicted by a Chatham County grand jury for aggravated battery, attempted rape, four counts of rape, four counts of kidnapping with bodily injury, two counts of aggravated sodomy,

and four counts of aggravated assault. (Doc. 7-2.) On November 7, 2001, a jury found petitioner guilty of aggravated battery, attempted rape, two counts of rape, two counts of kidnapping with bodily injury, and two counts of aggravated assault. (Doc. 1 at 3.) He was found not guilty as to the remaining charges. (Doc. 7-2 at 2.) He was sentenced as follows: twenty years for count one; ten years for count two, concurrent with count one; life for count eight, consecutive to count one; life for count nine, consecutive to count eight; twenty years for count ten, concurrent with count nine; life for count eleven, consecutive to count nine; twenty years for count twelve concurrent with count eleven; and life for count thirteen concurrent with all other counts. (Id.; Doc. 1 at 3.) On July 1, 2004, the Georgia Court of Appeals affirmed his conviction and sentence. Stewart v. State, 601 S.E.2d 755 (Ga. Ct. App. 2004). Stewart petitioned for a writ of habeas corpus in the Superior Court of Ware County on January 3, 2005. (Doc. 7-2 at 2; Doc. 1 at 4.) The petition was denied on March 27, 2006. (Doc. 1 at 4.) On September 24, 2007, the Supreme Court of Georgia denied his application for a certificate of probable cause to appeal the state habeas court decision, as it was untimely filed. (Id.)

## II. LEGAL ANALYSIS

The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. See 28 U.S.C. § 2244(d). One of the four occurrences listed in § 2244(d)(1) that is sufficient to start the limitations period is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A).

A state criminal judgment becomes final "'on the date on which the [United States] Supreme Court issues a decision on the merits or denies certiorari, or . . . on the date on which defendant's time for filing such a petition expires.'" Bond v. Moore, 309 F.3d 770, 773 (11th Cir. 2002) (quoting Kaufmann v. United States, 282 F.3d 1336, 1339 (11th Cir. 2002)). Petitioner "was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the [state] Supreme Court." Id. at 771 (citing Sup. Ct. R. 13.1). The Supreme Court of Georgia denied certiorari on September 27, 2004. Stewart v. State, No. S04C1868, 2004 Ga. Lexis 867, at *1 (Ga. Sept. 27,

2004). He did not seek United States Supreme Court review. (Doc. 7-2 at 6.) Accordingly, his judgment became final on December 27, 2004, ninety days after the Georgia Supreme Court's denial of certiorari.[1]

The time during which a petitioner seeks post-conviction relief from the pertinent judgment in state court does not count toward the one-year limitations period. § 2244(d)(1)(A); § 2244(d)(2); Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002). Petitioner filed his state habeas corpus petition on January 3, 2005. The state habeas court denied relief on March 27, 2006. Petitioner did not timely apply for a certificate of probable cause to appeal the state habeas court's denial to the Georgia Supreme Court; his application was dismissed as untimely on September 24, 2007. (Doc. 1 at 4.)

Under O.C.G.A. § 9-14-52, petitioner had thirty-days to apply for a certificate of probable cause to appeal the state habeas decision. That period expired on April 26, 2006, one month after the state habeas court denied relief. Petitioner, therefore, may only exclude the period between January 3, 2005 and April 26, 2006 from the calculation of the one-year limitations period. See Wade v. Battle, 379 F.3d 1254, 1262 (11th Cir. 2004)

---

[1] The ninetieth day after the conviction fell on Sunday December 26, 2004. Accordingly, petitioner had until the following Monday to petition for certiorari.

(the statute of limitations does not toll during the time between a state habeas court's initial disposition and the filing of an *untimely* application for probable cause to appeal). Tolling the limitations period for those dates, petitioner still allowed 603 days to pass between the expiration of the time for appealing his state habeas petition and the filing of the instant petition. Adding in the seven days between the time his judgment became final and the filing of his state habeas petition, a total of 610 days ran before he filed this petition. As Stewart's petition was filed after the one-year limitations period for seeking federal habeas review had expired, the instant petition should be **DENIED** as untimely.

**SO REPORTED** and **RECOMMENDED** this 14th day of February, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**