UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES STEWART, JR.,

Petitioner,

v.                                    407CV198

RANDY TILLMAN, Warden,

Respondent.

## ORDER

This Court dismissed James Stewart, Jr.'s 28 U.S.C. § 2254 petition as time-barred. Doc. ## 9, 11, 12. He appealed (doc. # 18) *and* moved the Court to set aside and "rescind" the dismissal Order. Doc. ## 14, 15, 16, 17 (basically saying that, because he was ill and in "medical," he never received his copy of the Magistrate Judge's Report and Recommendation (R&R) advising dismissal on untimeliness grounds; hence, he would like a "do-over" so he can timely F.R.Civ.P. 72(b)-Object to the R&R).

By appealing, Stewart *impliedly* moved for leave to proceed *in forma pauperis* (IFP), and for a Certificate of Appealability (COA). Doc. # 18; *see Edwards v. U.S.*, 114 F.3d 1083, 1084 (11th Cir. 1997) (NOA is treated as an implied COA application). The Court did not reach those implied motions because Stewart's unopposed F.R.Civ.P. 59(e) motions warranted relief; he was entitled to Object to the very R&R which led to the denial of his § 2254 petition.

Accordingly, the Court granted Stewart's "set-aside" motions, doc. ## 14, 15, 16, 17, vacated its 3/4/08 Judgment (doc. # 12) and directed him to serve his Rule 72(b) Objections within 15 days after the date this Order is served. Doc. # 24. It later granted his motion (doc. # 30) for an extension of time within which to respond to the R&R. Doc. # 33.

Stewart then filed an entirely new petition (hence, he amended his petition without seeking leave of court),[1] doc. # 34, and, days later, filed his R&R Objection. Doc. # 35. Later, he unsuccessfully moved for subpoenas. Doc. ## 36, 37. The Court thereafter adopted the R&R and entered a final judgment denying his original petition. Doc. ## 38, 39.

Next, Stewart filed a Motion For Good Cause Showing, doc. # 41, and an "Amendment to Objection to Report and Recommendation," doc. # 40, along with a Notice of Appeal, doc. # 43. This filing aftermath caused the appeals court to conclude that, since it had no final order before it, Stewart's appeal must be dismissed as non-final:

> This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Because the district court vacated its [3/4/08] order, which James Stewart, Jr. designated in his notice of appeal, Stewart's notice of appeal fails to designate an existent judgment or order of the district court.

Doc. # 45.

The Court has since been informed (via 7/8/08 letter) that the Eleventh Circuit awaits this Court's ruling on doc. # 40, which is Stewart's Amendment to his R&R Objection. Doc. # 49.[2]

---

[1] The Court will not consider this because it is untimely and certainly will not assist him if his original petition is time-barred.

[2] Another Eleventh Circuit letter warns Stewart that "We have not yet received the Certificate of Interested Persons and Corporate Disclosure Statement (CIP) required by FRAP 26.1 and the accompanying circuit rules." *Id.* at 1. It also warns him that, "[p]ursuant to Eleventh Circuit Rule 42-1(b) appellant is hereby notified that upon

The federal statute of limitations clock essentially gives those convicted one year to file a federal habeas petition. That one-year clock is stopped while the convicted pursue state appellate and habeas remedies, but petitioners must *timely* exhaust those *state* remedies or the one-year, *federal* clock keeps running. *See, e.g., Powles v. Thompson*, 2008 WL 2503640 at * 2 (11th Cir. 6/24/08) (unpublished). As explained in *Powles*:

> Relevant to this case, the limitation period runs from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." [28 U.S.C.] § 2244(d)(1)(A). The one-year statute of limitations set forth in § 2244 is tolled when a state prisoner *properly files* an application for post-conviction or collateral review with the state and such application is pending. 28 U.S.C. § 2244(d)(2) (emphasis added). The Supreme Court has determined that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000) (emphasis in original). An untimely application is not properly filed, and thus does not toll the limitations period. *Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir.2004).

*Id.* at * 2; *Brown v. Secretary for Dept. of Corrections*, ___ F.3d ___, 2008 WL 2445763 at * 3 (11th Cir. 6/19/08) (untimely motion under state criminal rule to vacate, set aside or

---

expiration of fourteen (14) days from this [7/3/08] date, this appeal will be dismissed without further notice by" the clerk unless Stewart pays all docketing fees or obtains leave from the district court to appeal IFP. Doc. # 48.

correct sentence was not "properly filed" and did not toll one-year limitations period under § 2244(d)(2)).

Stewart does not dispute that on 11/7/01, a jury convicted him "of aggravated battery, attempted rape, two counts of rape, two counts of kidnaping with bodily injury, and two counts of aggravated assault." Doc. # 9 at 2. Nor does he dispute that: (a) his conviction was affirmed on appeal, *Stewart v. State*, 268 Ga.App. 243 (2004); (b) his subsequent state habeas petition (filed 1/3/05) was denied on 3/27/06; and (c) because petitioner failed to timely appeal the state-habeas-denial, his subsequent application to appeal was dismissed as untimely on 9/24/07. *Id.* at 3. Because Georgia only allows 30 days to apply to appeal a state habeas decision, that period expired on 4/26/06. Thus the one-year federal habeas clock ran from that date since the subsequent application for appeal was untimely.

The R&R reasoned that, after factoring in tolling periods and slip-ups by Stewart in properly pursuing state remedies, a total of 603 days passed before the filing of the instant petition. Adding in the 7 days between the time his judgment became final and the filing of his state habeas petition, a total of 610 days ran before he filed this petition. He had only 365 days. Since Stewart filed his petition after 28 U.S.C. § 2244(d)(1)'s one-year limitations period for seeking federal habeas review, it must be denied.

In his Objection, Stewart insists that he was ill and pointed this out in two letters to the state court, which then "should have explain[ed] the procedure or construed [his] letters as a motion for an out-of-time post-conviction appeal." Doc. # 40 at 1-2. That's irrelevant, however, because Stewart created the fatal time gap here by failing to file his federal petition *after*

exhausting his state remedies. And habeas litigation requires, at a minimum, that litigants *ask* for relief, especially in situations like this where Stewart evidently was able to express that he was ill yet was "somehow" unable to round that conceptual corner with a *motion* asking for more time -- because he was ill.

To that end, petitioner proffers no credible explanation for why he failed to seek an extension, but instead rests on his insistence that somewhere in the collateral relief chain a judge somehow should have just automatically known to grant him an extension of unknown duration. But the system just does not work that way. One must ask in order to receive.

The Court therefore finds James Stewart, Jr.'s Objection to be without merit and thus ***OVERRULES*** it (doc. # 40). It thus reaffirms its Order and Judgment (doc. ## 38, 39) dismissing his petition, and ***DENIES*** any other outstanding motions.

This __21__ day of July, 2008.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA